# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-601-STE |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 25-42). The Appeals Council denied Plaintiff's request for

review. (TR. 3-5). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 2, 2013, her alleged onset date. (TR. 27). At step two, the ALJ determined that Ms. Johnson had the following severe impairments: schizoaffective disorder, depressive type; unspecified anxiety disorder; obesity; status post C5-C6 cervical fusion and status post anterior cervical fusion at C5-C7; degenerative changes at C4-C5; cervical radiculopathy; disc space narrowing with hypertrophic change of the lumbar spine; and history of stimulant use disorder (methamphetamine). (TR. 27). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 29).

At step four, the ALJ concluded that Ms. Johnson was unable to perform any past relevant work. (TR. 40). Even so, the ALJ concluded that Plaintiff had retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can perform simple and routine tasks consistent with unskilled work, with relatively few changes in workplace tasks, processes and practices, involving no interaction with the general public and no more than occasional, superficial interaction with coworkers and supervisors (interaction that is brief, succinct, and task oriented); can perform tasks not in a fast paced, high volume production criteria environment, with the learning of tasks provided with clear written

> instructions, reinforced by demonstration; and the claimant will do best working with things and data rather than people.

(TR. 32). At the hearing, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 91-92). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 92). At step five, the ALJ adopted the testimony of the VE and concluded that Ms. Johnson was not disabled based on her ability to perform the identified jobs. (TR. 41-42).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ committed legal error in her evaluation of two medical opinions.

## V.   NO ERROR IN THE ALJ'S EVALUATION OF MEDICAL OPINIONS

Ms. Johnson alleges that the ALJ erred in her evaluation of opinions from State Agency psychologist, Dr. Barbara St. Clair and treating psychiatrist, Dr. Blanca Osorio. The Court disagrees.

### A.   The ALJ's Duties in Evaluating Medical Opinions

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. §§ 404.1527(c) & 416.927(c). The weight given each opinion will vary according to the relationship between the claimant and medical professional. *Hamlin*, 365 F.3d at 1215. For example, in evaluating a treating source's opinion, the ALJ must follow a two-pronged analysis. First, the ALJ must determine, then explain, whether the opinion is entitled to controlling weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

This analysis, in turn, consists of two phases. First, an ALJ must consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with other substantial evidence in the record. Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, at 2 (July 2, 1996) (SSR 96-2p) (internal quotations omitted). If controlling weight is declined, the ALJ must assess the opinion under a series of factors which are considered when assessing *any* medical opinion, regardless of its source. These factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; including the treatment provided and the kind of examination or testing performed; (3)

4

the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R §§ 404.1527(c) & 416.927(c).

Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). If the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### B. No Error in the Evaluation of Dr. St. Clair's Opinion

The ALJ properly considered and evaluated the medical opinions from Dr. St. Clair.

#### 1. Dr. St. Clair's Opinion and the ALJ's Related Findings

On September 14, 2015, Dr. St. Clair performed a mental status examination on Ms. Johnson, as a consultant for the Social Security Administration. (TR. 1384-1390). Dr. St. Clair diagnosed Plaintiff with Schizoaffective Disorder, Depressive type and Unspecified Anxiety Disorder. (TR. 1389). Relevant to the current appeal, Dr. St. Clair rated Plaintiff's abilities in two work-related areas. (TR. 1390).

Regarding Plaintiff's ability to understand, carry out, and remember simple instructions, Dr. St. Clair stated that Ms. Johnson had "mild difficulty with short term memory which may interfere with carrying out instructions accurately." (TR. 1390). To

compensate for this difficulty, however, Dr. St. Clair suggested "repeating instructions or giving instructions in written form[.]" (TR. 1390). Regarding Plaintiff's ability to deal with changes in a routine work setting, Dr. St. Clair stated that Ms. Johnson "may have difficulty with the rigors and demands often found in the work place due to emotional lability and mental inertia. [Plaintiff] would have minimal difficulty adjusting to changes in a routine work setting." (TR. 1390). [1]

In the administrative decision, the ALJ recited Dr. St. Clair's opinions, practically verbatim,[2] and noted her specific findings regarding Plaintiff's:

- mild difficulty with short term memory and
- minimal difficulty adjusting to changes in a routine work setting.

(TR. 39). The ALJ then accorded the opinions "partial weight," stating:

> The undersigned accords partial weight to Dr. St. Claire's [sic] opinion to the extent it is consistent with the findings herein. However, some of her opinion is vague, including that she does not define the terms mild and minimal difficulty in any work related functional terms. Moreover, Dr. St. Claire [sic] indicates that the claimant only may have difficulty with the rigors and demands often found in the workplace. Dr. St. Claire's [sic] examination findings are generally consistent with the limitations noted in the residual functional capacity above, including that the claimant demonstrated the ability to think abstractly when interpreting simple proverbs or metaphors, but had difficulty when the constructs became more novel and complex in nature. However, she demonstrated strength in her ability to problem solve everyday situations, and her social judgment

---

[1] Dr. St. Clair also rated Plaintiff's abilities to manage her finances and respond to supervision, co-workers, and work pressures in a work setting, TR. 1389-1390, but Plaintiff does not challenge this portion of the psychologist's opinion.

[2] (TR. 36-37).

6

> appeared adequate. Additionally, her estimated intelligence was in the average range, and she appeared to have an adequate knowledge base.

(TR. 39).

### 2. Plaintiff's Allegations of Error and the Court's Analysis

Ms. Johnson presents three challenges to the ALJ's rationales for according Dr. St. Clair's opinion only "partial weight." (ECF No. 13:3-7). None of the theories are valid.[3]

Plaintiff initially takes issue with the fact that the ALJ deemed Dr. St. Clair's opinion as "vague," because she failed to define the terms "mild" when referring to Plaintiff's short-term memory and "minimal" when describing Plaintiff's difficulty adjusting to changes in a routine work setting. Ms. Johnson states: "There was absolutely no reason for Dr. St. Claire [sic] to define the terms "mild" and "minimal," because she was already using these terms in relation to Social Security terminology, and the ALJ should have known this." (ECF No. 13:4-5). The Court rejects this argument for two reasons.

First, Plaintiff neither provides a legal basis for her argument, nor defines the terms "in relation to Social Security terminology" in a way which would have undermined the ALJ's conclusion. *See Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review.").

---

[3] In her challenge to the ALJ's treatment of Dr. St. Clair's opinions, Plaintiff also states "there should have been corresponding limitations related to this finding[.]" (ECF No. 13:7). The Court will not address this statement, as Plaintiff fails to identify a particular "finding" or explain what limitations she believes the ALJ had wrongly omitted. *See Kirkpatrick v. Colvin*, 663 F. App'x at 649 (noting that "it isn't [the Court's] obligation to search the record and construct a party's arguments."); *Murphy v. Astrue*, 2011 WL 2144610, at * 6 (W.D. Okla. May 14, 2011) (rejecting allegation of error for "failure to develop the factual—and legal—bases for [the] argument.").

Second, the import of the ALJ's rationale deeming Dr. St. Clair's opinion as "vague" was that she "d[id] not define the terms mild and minimal difficulty *in any work related functional terms*." (TR. 39) (emphasis added). The Tenth Circuit has held that an ALJ may properly reject a medical opinion as "vague" where the opinion "did not contain an assessment of the nature or severity of [the claimant's] physical limitations or any information about what type of activities he could perform." *See Marshall v. Astrue,* 315 F. App'x 757, 760, n. 2 (10th Cir. 2009). This is precisely what the ALJ did in the instant case and the Court finds no error.

Next, Ms. Johnson challenges the portion of the ALJ's opinion which stated that "Dr. St. Claire [sic] indicates that the claimant only may have difficulty with the rigors and demands often found in the workplace." (ECF No. 13:5-6) (citing TR. 39). Specifically, Ms. Johnson argues that the ALJ erroneously omitted Dr. St. Clair's findings which stated that Plaintiff's difficulties with workplace rigors were due to the fact that Plaintiff suffered from "emotional lability and mental inertia." (ECF No. 13:5). Plaintiff contends that this portion of Dr. St. Clair's opinion "provides support for why Dr. St. Clair is making her opinion," and the ALJ's omission of the underlying cause resulted in an improper finding that the opinion was "vague." (ECF No. 13:5).

The Court agrees that the ALJ omitted the portion of Dr. St. Clair's opinion which stated that Ms. Johnson's difficulty with the rigors and demands of the workplace was because she had suffered from emotional lability and mental inertia. *Compare* TR. 36 *with* TR. 1390. However, the ALJ did not omit this portion of the opinion in an effort to thereafter conclude that the opinion was vague. The ALJ's vagueness rationale was based

8

on the fact that Dr. St. Clair had not defined Ms. Johnson's "minimal difficulty" in dealing with workplace rigors and demands in any specific work-related terms, *not* because Dr. St. Clair had failed to support her opinion. As discussed, the ALJ's rationale was proper and the Court will not disturb this finding. *See supra*, *Marshall*.

Finally, Plaintiff argues that Dr. St. Clair's opinion was "*not* in the least bit vague," but instead supported by the findings of Ms. Johnson's treating psychiatrist, Dr. Blanca Osorio. (ECF No. 13:6) (emphasis in original). In support, Plaintiff states: (1) Dr. Osorio noted that Plaintiff was "labile and anxious looking[,] [t]herefore Dr. Osorio is finding that Ms. Johnson is emotionally unstable" and (2) Dr. Osorio noted that Plaintiff "has frequent panic attacks" which "support[s] Dr. St. Claire's [sic] critical finding that Ms. Johnson will have difficulty with the rigors and demands often found in the work place due to emotional lability and mental inertia." (ECF No. 13:6). The Court rejects Plaintiff's argument.

Ms. Johnson makes unfounded assumptions regarding Dr. Osorio's statement that Plaintiff was "labile and anxious looking." Without support, Ms. Johnson boldly asserts that this finding equates to a conclusion that Dr. Osorio had deemed Plaintiff "emotionally unstable." Indeed, the Court finds nothing in Dr. Osorio's records indicating she had rendered such an opinion. *See* TR. 1335-1357. Also, again without support, Plaintiff states that Dr. Osorio's findings of "frequent panic attacks" somehow equates to a finding that Plaintiff would suffer difficulty with workplace rigors and demands. But neither Dr. St. Clair nor Dr. Osorio had made such a finding. To accept Plaintiff's arguments would require the Court to re-weigh the evidence, which it will not do. See *Vigil v. Colvin*, 805

9

F.3d 1199, 1201 (10th Cir. 2015) (noting that the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency.") (internal quotation marks omitted).

### C. No Error in the Evaluation of Dr. Osorio's Opinion

The ALJ properly considered and evaluated the medical opinions from Dr. Osorio.

#### 1. Dr. Osorio's Opinion and the ALJ's Related Findings

The record contains evidence that Dr. Osorio provided psychiatric care to Plaintiff from May 13, 2014 through June 26, 2015. (TR. 1335-1357). On July 8, 2015, Dr. Osorio completed a "Mental Capacity Assessment," (MCA) which evaluated Plaintiff's limitations in five work-related areas. (TR. 701-704).

In the administrative decision, the ALJ summarized a portion of Dr. Osorio's treatment notes, along with some of Dr. Osorio's specific opinions set forth in the MCA. (TR. 35, 38). The ALJ then completely rejected the MCA, stating:

> [T]he opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion. Moreover, the opinion is inconsistent with Dr. Osorio's treatment notes that reflect that the claimant had essentially normal examination findings as noted above, with the only slightly abnormal finding being that the claimant had fair insight and judgment. As such, no weight is accorded to this opinion.

(TR. 38-39).

#### 2. Plaintiff's Allegations of Error and the Court's Analysis

As stated, if an ALJ fails to accord controlling weight to a treating source's opinion, she must evaluate the opinion, utilizing a series of factors. *See* 20 C.F.R §§ 404.1527(c) & 416.927(c). Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). If the ALJ rejects an opinion completely,

she must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted). In seemingly inconsistent arguments, Plaintiff contends that the ALJ "failed to weigh any of the pertinent factors" and then also erred with respect to the factors she did discuss. (ECF No. 13:11). The Court disagrees.

The Court first concludes that the ALJ properly assessed Dr. Osorio's opinion utilizing the framework referenced above. In support of rejecting the MCA, the ALJ stated that the opinion was conclusory and inconsistent with the psychiatrist's treating records. (TR. 38-39). These rationales were specific and legitimate and the Court finds no error. *See Marshall*, 315 F. App'x at 761 (10th Cir. 2009) (affirming ALJ's rejection of treating physician's opinion which focused only on the consistency between the opinion and the entire medical record, noting that "[a]lthough the ALJ's discussion could and should have been more thorough, … [the ALJ] stated adequate reasons for rejecting [the treating physician's] opinion.") (citing *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007) (declining to require the ALJ to apply and make specific findings concerning all six factors).

Next, Ms. Johnson challenges each of the ALJ's rationales, but the Court finds no merit in Plaintiff's arguments.

First, Plaintiff states that the ALJ improperly concluded that Dr. Osorio's opinion was "conclusory, providing very little explanation of the evidence relied on in forming that opinion." (ECF No. 13:8) (citing TR. 38). In support, and without reference to any specific piece of evidence, Ms. Johnson simply states: "Dr. Osorio is a treating physician and her

11

corresponding treating records in the medical evidence of record (MER) corroborate her [MCA] findings." (ECF No. 13:8). Even if Plaintiff had cited evidence which supported the MCA findings, Plaintiff's argument misses the mark. The ALJ's *first* rationale, regarding the conclusory nature of the MCA and that document's lack of evidentiary explanation had nothing to do with whether Dr. Osorio's treatment records had supported the MCA. That discussion was reserved for the ALJ's *second* rationale, which Plaintiff separately challenges. *See* ECF No. 13:8-10. Accordingly, the Court concludes that the ALJ had properly relied on the lack of supporting explanation within the MCA to reject that opinion. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); ("A treating physician's opinion may be rejected if his conclusions are not supported by specific findings."); *Kellogg v. Barnhart*, 33 F. App'x 459, 461 (10th Cir. 2002) (noting that the ALJ did not err in rejecting a treating source's opinion that was "conclusory and unsupported.").

Second, Plaintiff states that the ALJ's finding regarding Dr. Osorio's opinion as inconsistent with her treatment notes is "just false." (ECF No. 13:8-9). In support, Ms. Johnson cites: (1) treatment records from Dr. Osorio which document Plaintiff's subjective complaints; (2) Dr. Osorio's diagnoses of Major Depressive Disorder and Panic Disorder; (3) treatment notes from Dr. Osorio which stated that Ms. Johnson was "labile and anxious looking" with her mood/affect "not good;" and (4) the fact that Dr. Osorio had prescribed medication for Ms. Johnson. (ECF No. 13:9-10). Although accurate, these representations of the record do not render "false" the ALJ's rejection of Dr. Osorio's MCA as inconsistent with her treatment notes.

12

In reaching this conclusion, the ALJ stated: "Moreover, the [MCA] opinion is inconsistent with Dr. Osorio's treatment notes that reflect that the claimant had essentially normal examination findings as noted above, with the only slightly abnormal finding being that the claimant had fair insight and judgment. As such, no weight is accorded to this opinion." (TR. 38-39). The "essentially normal examination findings as noted above" referenced the ALJ's summary of Dr. Osorio's treatment notes, which found Plaintiff to have:

- been alert and oriented;
- made good eye contact;
- been cooperative, with good hygiene, and normal speech;
- exhibited a coherent and linear thought process/thought content; and
- denied suicidal and homicidal ideation.

(TR. 35, 38). Following her reliance on these "essentially normal findings," the ALJ noted that the "only slightly abnormal finding" was Dr. Osorio's notation that Plaintiff had exhibited "fair insight and judgment." Thus, after weighing the evidence, the ALJ: (1) rejected Dr. Osorio's MCA, finding that it was inconsistent with her treatment notes and (2) explained her conclusion, relying on specific evidence of record. Accordingly, the Court affirms the ALJ's second rationale rejecting Dr. Osorio's MCA as "specific and legitimate" and "sufficiently specific" to permit meaningful appellate review. To accept Plaintiff's argument to reach a different conclusion would involve a re-weighing of the evidence, which the Court cannot do. *See supra*, *Vigil*.

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on January 31, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE